1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

Shenzhen Hongxinshun Technology Co., Ltd.,

       *Plaintiff*,

    v.

Hong Kong Xingtai International Trade Co Limited,

       *Defendant*.

**Case No. 2:25-cv-2262**

**Complaint for Declaratory Judgment**

**Jury Trial Demand**

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Hongxinshun Technology Co., Ltd. d/b/a Luckystyle-US ("Luckystyle-US") ( "Plaintiff"), against Defendant Hong Kong Xingtai International Trade Co Limited ("Defendant"), seeking a declaration that Plaintiff's outdoor solar decorative light products (the "Accused Product" or "Decorative Lights") do not directly or indirectly infringe U.S. Patent No. 7,819,545 B2 ("the '545 Patent"), either literally or under the doctrine of equivalents, and/or that the '545 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

-1-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NATURE OF THE ACTION**

1.    This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product is at risk of being removed from Amazon through enforcement of the '545 Patent.

2.    This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '545 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

**PARTIES**

3.    Plaintiff Shenzhen Hongxinshun Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with a principal place of business located at Shenzhen City, Guangdong Province, China.

4.    Upon information and belief, Defendant Hong Kong Xingtai International Trade Co Limited, is a company organized under the laws of Hong Kong, China, and the address is Unit 1406A, 14/F, The Belgian Bank Building, Nos. 721-725 Nathan Road, Kowloon, Hong Kong.

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6.    An actual case or controversy exists between the parties to this action. Defendant has accused Plaintiff's Amazon listings of infringing the '545 Patent and demanded that Plaintiff either settle or participate in Amazon's "Patent Evaluation Express," under threat that the listings

-2-

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

1
2
3
4
5
6

will be removed if Plaintiff does not comply. Defendant's ongoing enforcement efforts place the Accused Product at continuing risk of removal from Amazon and cast a cloud over Plaintiff's competitive position. These actions have caused, and continue to cause, concrete injury traceable to Defendant and redressable by this Court, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

7
8
9
10
11
12
13
14
15
16
17
18
19
20

       7.    This Court has personal jurisdiction over Defendant in this action at least because Defendant purposefully directed its patent-enforcement activities into this District, including by initiating and prosecuting an Amazon "Patent Evaluation Express" ("APEX") patent-enforcement proceeding against Plaintiff's accused Amazon listings and by transmitting and causing the transmission of APEX takedown and enforcement communications to Amazon personnel located in Seattle, Washington, with the foreseeable and intended effect of removing Plaintiff's product listings and disrupting Plaintiff's sales in this District. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

21
22

       8.    For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

23

**THE FACTUAL BACKGROUND**

24
25
26
27

       9.    Plaintiff designs, sources, and sells decorative lights-related products on Amazon.com and other ecommerce channels. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

28

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

10.     Defendant Hong Kong Xingtai International Trade Co Limited is identified as the owner of the '545 Patent. On or about October 30, 2025, Amazon notified Plaintiff that Defendant had reported Plaintiff's Accused Product as infringing the '545 Patent, and stated that unless Plaintiff either resolved the claim with Defendant within three weeks or entered Amazon's neutral Patent Evaluation Express (APEX) process and paid a deposit, Amazon intended to remove Plaintiff's listing(s) and any materially identical variants.

11.     In connection with the APEX process, Defendant submitted an executed Amazon Patent Evaluation Express Agreement identifying: Patent Owner Hong Kong Xingtai International Trade Co Limited; physical address at Unit 1406A, 14/F, The Belgian Bank Building, Nos. 721-725 Nathan Road, Kowloon, Hong Kong; contact email xingtaiip@sina.com; Brand Registry: OUMIYRO; asserted patent US. 7,819,545 B2 and accused ASINs: B0FF1V2HWL B0FF1TXMSF, B0FF211LD8, B0D7ZPYYF1, B0FPVWCFGV, B0DHWMKK7R, B0FF1TC3HR, B0DZNX468Y, B0D7ZT7HL5; dated October 30, 2025. *See* **Exhibit B**.

12.     Plaintiff denies that Accused Product infringes any valid and enforceable claim of the '545 Patent and disputes Defendant's accusations. Plaintiff further contends that one or more claims of the '545 Patent are invalid and/or unenforceable.

13.     Defendant's report and Amazon's threatened removal have created immediate and concrete harm to Plaintiff, including loss of sales, damage to goodwill, disruption of inventory planning, and ongoing business uncertainty.

14.     The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain their product listings on Amazon. Defendant's action has placed Plaintiff's listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiff's most

-4-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

significant channel of trade. As a result, Defendant's enforcement activities of the '545 Patent via Amazon have caused, and continues to cause, immediate and irreparable harm to Plaintiff.

### The '545 PATENT

15.    The '545 Patent was filed on July 14, 2008, and issued on October 26, 2010. A true and correct copy of the '545 Patent is attached hereto as **Exhibit A**.

16.    The '545 Patent is entitled "Outdoor Decorative Lights" and generally discloses an outdoor solar powered decorative lighting system includes a light string having a plurality of light bulbs evenly spaced along the length of the string and being electrically connected to a roof mounted solar collector having one or more solar panels or cells for collecting sunlight. *See* Exhibit A at Abstract.

17.    The '545 Patent has a sole independent claim and two dependent claims, each claiming an outdoor solar powered decorative lighting system.

18.    Upon information and belief, Defendant is the owner of the '545 Patent.

### COUNT I
### (Declaratory Judgment of Non-Infringement of the '545 Patent)

19.    Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

20.    An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '545 Patent by the Accused Product, as evidenced by Defendant's enforcement activities of the '545 Patent against Plaintiff, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '545 Patent.

21.    Plaintiff does not directly infringe, literally or under the doctrine of equivalents, any claim of the '545 Patent, including independent claim 1. *See* **Exhibit C**.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

22.    Claim 1 of the '545 Patent requires, inter alia: (i) a flexible, elongated light string with evenly spaced sockets and light bulbs; (ii) a solar collector with a housing (having an upper and a bottom side) that supports at least one solar panel; (iii) a rechargeable battery within the housing; and (iv) "a regulator switch electrically interconnected to the battery and the light string" for automatically switching the bulbs on and off such that the switch "is disposed to the open state from sunrise to sunset … and … automatically [goes] to the closed state upon sunset."

23.    The Accused Product does not meet at least these limitations. For example, the Accused Product's control architecture (including photosensor/IC logic and user controls) operates on instantaneous ambient-light conditions and permits illumination under daylight low-light or panel-covered scenarios, rather than providing the single "regulator switch" that, by itself, maintains an open circuit continuously "from sunrise to sunset" and only closes "upon sunset." At least these claim elements are absent from the Accused Product, and no asserted claim can be met in full. *Id*.

24.    Doctrine of equivalents does not apply. Treating a distributed ambient-light control that allows daytime illumination under low-light conditions (or upon covering the panel) as equivalent to the claimed "regulator switch" that keeps the circuit open the entire period "from sunrise to sunset" and closes "upon sunset" would vitiate express temporal and structural limitations and contravene the all-elements rule. The Accused Product operates with a materially different function-way-result. *Id*.

25.    The Accused Product does not indirectly infringe the '545 Patent. Plaintiff has not induced infringement because it has not encouraged, instructed, or intended that customers practice every element of any asserted claim; its materials describe only non-infringing uses. Nor does Plaintiff contributorily infringe under 35 U.S.C. § 271(c), because the Accused Product is a staple

article of commerce suitable for substantial non-infringing uses and is not especially made or adapted for any patented combination. *Id.*

26.     Moreover, the dependent claims 2–3 of the '545 Patent incorporate the limitations of claim 1; because claim 1 is not met, the Accused Product likewise does not infringe claims 2–3. In any event, additional limitations recited in the dependent claims are also absent from the Accused Product.

27.     Defendant's baseless enforcement activities have caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

28.     A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '545 Patent.

29.     Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '545 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

30.     Plaintiff is also entitled to recover damages caused by Defendant.

<u>**COUNT II**</u>
**(Declaratory Judgment of Invalidity of the '545 Patent)**

31.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

32.     An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '545 Patent, as evidenced by Defendant's enforcement activities of the '545 Patent against Plaintiff, as set forth above.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

*33.*    The claims of the '545 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. *See* **Exhibit D.**

34.    U.S. Patent Application Publication No. 2007/0171634 to Kao ("Kao") discloses an outdoor decorative solar-powered lighting system including a flexible, elongated light string with evenly spaced sockets and bulbs, a solar collector having a housing and at least one solar panel, a rechargeable battery in or associated with the housing, and control circuitry for automatically switching the lights on and off based on ambient light conditions. *See* **Exhibit E.**

35.    U.S. Patent No. 5,957,564 to Bruce ("Bruce"), U.S. Patent No. 8,002,427 to Dawn ("Dawn"), and U.S. Patent Application Publication No. 2007/0103897 to Chong ("Chong") each disclose, inter alia, solar or battery-powered lighting systems including control circuits, light sensors, and/or controllers that automatically switch decorative lights on in low light or at night and off during the day, and teach using such control circuitry with outdoor decorative light strings. *See* **Exhibits F-H.**

36.    U.S. Patent No. 7,249,863 to Noelle ("Noelle") and U.S. Patent No. 6,686,701 to Robin ("Robin") likewise disclose outdoor solar lighting systems with solar energy gatherers, housings containing rechargeable batteries, decorative light strings, and control circuitry (including light sensors, photoresistors, and timers) that automatically switch lighting modes based on ambient light or time of day, and further teach using colored lamps or LEDs in various colors for decorative purposes. *See* **Exhibits I-J.**

37.    U.S. Patent No. 6,339,188 to Voelkner ("Voelkner") discloses housings for solar-powered devices having removable panels on a bottom side of the housing to allow user access to

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

internal rechargeable batteries and confirms that providing such removable panels is a routine design choice well within the skill of a person of ordinary skill in the art ("POSITA"). *See* **Exhibit K**.

38.     These and other references identified in Plaintiff's Invalidity Contentions, individually and/or in combination with each other and in view of the common knowledge of a POSITA at the time of the alleged invention, disclose or render obvious all limitations of at least claims 1–3 of the '545 Patent. For example, Plaintiff's Invalidity Contentions identify multiple obviousness grounds under 35 U.S.C. § 103, including but not limited to: (i) Kao in view of one or more of Bruce, Dawn, Chong, Noelle, Robin, and/or Voelkner (Grounds 1A–1C); (ii) Noelle in view of common knowledge and, in various combinations, Bruce, Dawn, Chong, Robin, and/or Voelkner (Grounds 2A–2D); and (iii) Robin in view of common knowledge and, in various combinations, Dawn, Bruce, Noelle, and/or Voelkner (Grounds 3A–3E). Under these grounds, alleged "innovations" such as the claimed regulator switch behavior, colored bulbs for particular events, and a removable back panel for battery access are at most routine, predictable variations of the prior art and obvious to try with a reasonable expectation of success under KSR and related authorities. Accordingly, claims 1–3 of the '545 Patent are invalid under at least 35 U.S.C. § 103. *See* **Exhibit D**.

39.     Any dependent claims of the '545 Patent are likewise invalid because they incorporate the limitations of claim 1 and add only conventional, routine, and/or obvious features—such as using colored bulbs for particular events, occasions, observances, or commemorations, or providing removable housing panels for battery access—that are taught or suggested by the prior art references identified above, alone or in combination, and by the common knowledge of a POSITA at the relevant time.

-9-

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

40.     A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '545 Patent.

41.     Plaintiff seeks a declaratory judgment that the claims of the '545 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

42.     Plaintiff is also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For judgment in favor of Plaintiff against Defendant on all claims.

B.     Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '545 Patent;

C.     Declaring that the claims of the '545 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D.     A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E.     Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F.     Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G.     Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

H.     Awarding pre- and post- judgment interest; and

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

1       I.    Awarding Plaintiff such other and further relief as this Court deems is just and

2   proper.

3   **JURY TRIAL DEMAND**

4

5       Plaintiff hereby demands a jury trial on all issues so triable.

6

7   Respectfully submitted,

8

9   Date: November 12, 2025      By: /s/ *Ruoting Men*

10  Ruoting Men, Esq. (WSBA No. 63842)

11  GLACIER LAW LLP
    506 SECOND AVENUE, SUITE 1516

12  SEATTLE, WA 98104
    Ruoting.men@glacier.law

13  Tel: +1 (212)729-5049

14  ***Counsel for Plaintiff***

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT